```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                   HAMMOND DIVISION
```

```
DWAYNE A. HASKINS,         )
                           )
Plaintiff,                 )
                           )
vs.                        )      NO. 2:08-CV-196
                           )
DEAN R. LANTER, et al.,    )
                           )
Defendants.                )
```

## OPINION AND ORDER

This matter is before the Court on the complaint and Application to Proceed Without Prepayment of Fees and Affidavit, submitted by Plaintiff, Dwayne A. Haskins, on July 2, 2008. For the reasons set forth below, the Court **DENIES** Haskins leave to proceed *in forma pauperis* and **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

Dwayne A. Haskins, a *pro se* plaintiff, was found guilty of selling a firearm to a felon in violation of 18 U.S.C. § 922(d)(1) in *United States v. Haskins*, 2:08-CR-86 (N.D. Ind. filed June 16, 2005). He appealed, and the conviction and sentence were affirmed by the Seventh Circuit.  United States v. Haskins, 511 F.3d 688 (7th Cir. 2007).  Now he attempts to sue one of the Assistant United States Attorneys who prosecuted him along with his appointed Federal Community Defender and his appointed appellate attorney.

DISCUSSION

Haskins' complaint is made out on a pre-printed form captioned, "Complaint 42 U.S.C. § 1983." Section 1983 provides a cause of action against persons acting under color of state law. Here, Haskins does not allege that any of these defendants were acting under color of state law. Rather, he was a federal criminal defendant and it is a reasonable inference that he is alleging that the defendants acted under color of federal law. Such claims arise pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Nevertheless, none of the claims presented by Haskins in this complaint state a claim.

Haskins alleges that the Assistant United States Attorney ("AUSA") presented an edited video tape, omitting portions of the video that were favorable to Haskins' defense. A prosecutor is entitled to absolute immunity, and therefore immune from suit, for all actions he takes while performing his function as an advocate for the Government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). This prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), as well as examining witnesses and presenting evidence during trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Under these principles, it is clear that the AUSA is entitled to absolute immunity based upon Plaintiff's allegations.

Haskins further alleges that his appointed public defender provided information to the government and did not follow any of Haskins' instructions. Though Haskins does not specifically identify what he thinks his appellate attorney did wrong, it is a reasonable inference that he believes that his appellate attorney did not properly or effectively represent him. Nevertheless, even if these attorneys committed malpractice, Haskins does not state a claim because a criminal defense attorney, even an appointed public defender, does not act under color of law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312 (1981).

Title 28 U.S.C. § 1915(e)(2)(B)(ii) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

Haskins' complaint does not state a claim and, therefore, must be dismissed.

CONCLUSION

For the reasons set forth above, the Court **DENIES** Haskins leave to proceed *in forma pauperis* and **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DATED:  August 1, 2008**               /s/RUDY LOZANO, Judge
                                          **United States District Court**